WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda M. Romero,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>    Defendant. | No. CV-14-02465-PHX-GMS<br><br>**ORDER** |

  Pending before the Court is Claimant Yolanda Romero's appeal, which challenges the Social Security Administration's decision to deny benefits. (Doc. 19.) Defendant concedes that the Administrative Law Judge ("ALJ") failed to support with substantial evidence his decision to deny the Claimant benefits. (Doc. 24 at 2.) Accordingly, the Court vacates the ALJ's decision and remands for further proceedings.

## DISCUSSION

**I. Standard of Review**

  Here, the Defendant concedes that the ALJ erred by "failing . . . to provid[e] [legally] sufficient rationale for rejecting the opinions of [treating] Drs. Posner, Burgher, Battersby, and [consulting psychologist] Dr. Piatka, [and for] finding the claimant less than credible." (Doc. 24 at 2.) In such a case, the Act "makes clear that courts are empowered to . . . modify[] or reverse a decision by the Commissioner 'with or without remanding the case for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (*quoting* § 405(g)). "While [courts] generally remand to the [ALJ] for 'additional investigation or explanation,'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090,

1100 (9th Cir. 2014) (citation omitted), the Ninth Circuit, like every other circuit, recognizes that "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." *Garrison*, 759 F.3d at 1019 (citing cases from every circuit). Accordingly, the only dispute arising between the parties is whether the Court should remand for further proceedings or for an award of benefits.

## II. Remedy

The Ninth Circuit applies the "three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits[.]" *Id.* at 1020. The Claimant must establish: first, that the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether medical opinion or claimant testimony; second, that the record has been fully developed and further administrative proceedings would serve no useful purpose; and third, whether if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Treichler*, 775 F.3d at 1100–01 (*citing Garrison*, 759 F.3d at 1020). If all three conditions are met, the reviewing court may remand for an award of benefits. *Id.* at 1101. Nonetheless, the reviewing court retains flexibility in determining the appropriate remedy if the record as a whole still creates "serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1107 (*citing Garrison*, 759 F.3d at 1021.)

It is uncontested that the first condition of the credit-as-true standard is met: the ALJ erred by failing to provide legally sufficient reasons for rejecting the testimony of three of Claimant's treating physicians, one consulting psychologist, and for finding the Claimant less than credible. (Doc. 24 at 2.)

The next step is to determine whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1103. To make that determination, the Court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" *Dominguez v.*

- 2 -

*Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (*quoting Treichler*, 775 F.3d at 1101). Importantly, "assess[ing] whether there are outstanding issues requiring resolution [must be done] *before* considering whether to hold that the claimant's testimony is credible as a matter of law." *Treichler*, 775 F.3d at 1105 (citation omitted). The same order of operations also applies when dealing with improperly rejected medical opinion evidence. *See Dominguez*, 808 F.3d at 409. As a result, any conflict between salient evidence on the record and evidence improperly rejected by the ALJ, or any need for further development of the record, prohibits the reviewing court from reaching the credit-as-true step, since "[i]f such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Id.* (citation omitted); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, as the Defendant points out, the improperly rejected opinions of Drs. Posner, Burgher, and Battersby as well as Claimant's own testimony conflict with the opinions of other consulting physicians on the record. (Doc. 24 at 4.) For example, Dr. Posner opined Claimant could only sit, stand, or walk for less than 1-hour per 8-hour workday. (R. at 1018–23.) Likewise, Dr. Battersby found that Claimant could walk for no more than 2 hours, stand for no more than 3 hours, and sit for no more than 4 hours per 8-hour workday. (R. at 770.) And Dr. Burgher concluded that Claimant could not work nor "perform daily activities" at all. (R. at 808.) Furthermore, the Claimant testified at an August 10, 2010 hearing before the ALJ, and likewise at a later December 6, 2012 hearing,[1] that she can only walk for "[p]robably about 15 minutes, 20 minutes," and can "sit . . . , but it'll be about 15 minutes before I have to stand up for a bit." (R. at 70–71.) However, to the contrary, consulting physician Dr. Radkowsky examined Claimant's medical records and determined that Claimant could sit, stand, and/or walk for 6- to 8-

---

[1] Claimant provided almost identical testimony during the December 2012 hearing, stating that she can stand "[f]or, like 20 minutes, 30," and can "sit . . . for about 20 minutes . . . 30 minutes and that's pretty much it." (R. at 41.)

- 3 -

hours per 8-hour workday. (R. at 543.) Other consulting physicians like Dr. Bargan (R. at 139–55), Dr. Ostrowski (R. at 119–33), and Dr. Chaffee (R. at 538–41) came to similar conclusions.

The examples above illustrate clear conflicts between the testimonies and opinions in the record that raise legitimate questions regarding the extent of Claimant's impairments. The inconsistencies also prove that further administrative proceedings would serve a useful purpose. *Treichler*, 775 F.3d at 1105. Accordingly, the matter must be remanded for further proceedings before the ALJ. *See, e.g.*, *Dominguez*, 808 F.3d at 409; *Treichler*, 775 F.3d at 1105; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities).

The ALJ also improperly rejected the opinion of consulting psychologist Dr. Piatka; nonetheless, the opinion is not yet resolved such that the Court may credit her opinion as true. While Dr. Piatka listed limitations related to understanding and memory, sustained concentration and persistence, social interaction, and adapting to change, Dr. Piatka also noted that a further medical review of Claimant's medications was necessary to "rule out concentration or cognitive abnormalities secondary to medication effects and to determine to what extent some symptoms may reflect medication effects . . . ." (R. at 956.) The inconsistencies between Dr. Paitka's opined limitations and Dr. Paitka's acknowledgment that those limitations may not in fact stem from any psychological dysfunction in Claimant but rather may be the effects of her medications again supports the Court remanding this matter for further development before the ALJ. *See Treichler*, 775 F.3d at 1101.

Claimant argues that her more recent pain and symptom testimony (post-2010) not only supports a finding of disability but is uncontested by medical evidence on the record. (Doc. 25 at 4–5.) The Defendant concedes that the ALJ failed to properly reject Claimant's testimony as not credible. Nevertheless, whether crediting Claimant's more contemporary testimony as true may qualify her for disability during that time is

inapposite to the current calculation. First, the Claimant must be found disabled beginning on her March 6, 2008 onset date; therefore, Claimant's post-2010 condition cannot be analyzed in a vacuum. (R. at 1098.) Second, the existing record conflicts nonetheless and requires remand for reconsideration. *See Treichler*, 775 F.3d at 1105. Moreover, the impact and relevance of Claimant's pain and symptom testimony, pre- and/or post-2010, on the formulation of Claimant's residual functional capacity is a determination left "up to the ALJ [to make], not the court . . . ." *Dominguez*, 808 F.3d at 409; *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (The Court "may not substitute [its own] judgment for that of the ALJ.").

## CONCLUSION

The record before this Court is not "free from conflicts" nor the need to further develop the record. *Treichler*, 775 F.3d at 1107. "In light of the inconsistencies, conflicts, and gaps in the record that require further administrative proceedings," the Court cannot proceed to the final step in the credit-as-true analysis, "whether the ALJ would be required to find [Claimant] disabled" if Drs. Posner, Burgher, Battersby, and Piatka's opinions were credited as true and the Court held Claimant's testimony to be fully credible. *See Dominguez*, 808 F.3d at 409; *Treichler*, 775 F.3d at 1105. Accordingly,

**IT IS ORDERED** that this matter is remanded back to the ALJ for a third opportunity to decide the issue. The Clerk of the Court shall remand and enter judgment accordingly.

**Dated this 29th day of February, 2016.**

Honorable G. Murray Snow
United States District Judge